**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x
In re:                                                                            : Chapter 11
                                                                                          :
Orion HealthCorp, Inc., *et al.*,                                         : Case No. 18-71748 (AST)
                                                                                          : (Jointly Administered)
                            Debtors.                                           :
---------------------------------------------------------------- x

Howard M. Ehrenberg,                                                  :
Liquidating Trustee of the Orion Liquidating Trust,    : Adv. Pro. 22-08008 (AST)
                                                                                          :
                            Plaintiff,                                          :
    v.                                                                                  :
                                                                                          :
Kriss & Feuerstein LLP,                                                 :
                                                                                          :
                            Defendant.                                       :
---------------------------------------------------------------- x

**DECISION AND ORDER GRANTING MOTION**
**TO COMPEL PRODUCTION OF DOCUMENTS**

This case presents the narrow issue of whether former clients of a law firm can be found to have waived the attorney-client privilege where their former attorneys acted diligently to assert the privilege, but the clients did not. For the reasons to follow, the Court concludes that the privilege has been waived by the former clients.

**I. Factual and Procedural History**

The bulk of the long-running disputes between Plaintiff, Howard M. Ehrenberg, Liquidating Trustee of the Orion Liquidating Trust (the "Plan Trustee") and Defendant, the law firm of Kriss & Feuerstein LLP ("K&F") are largely irrelevant to the narrow issue addressed here. The instant dispute centers around the Plan Trustee's requests for production of documents from K&F. K&F timely asserted attorney-client privilege in response to portions of the production

1

request, and provided privilege logs on a rolling basis as its review continued. The Plan Trustee timely challenged the assertion of privilege on a variety of grounds.

Over several months, the dispute was narrowed by the parties to a certain 703 documents (the "Challenged Documents"). The issue of whether those Challenged Documents are shielded from discovery by the attorney-client privilege is now the subject of the Plan Trustee's Motion for Entry of an Order Compelling Kriss & Feuerstein LLP to Produce Documents (the "Motion to Compel") [dkt item 4].

Multiple responses and replies were filed in connection with the Motion to Compel. The Court held a hearing on the matter on June 29, 2022. As a result of that hearing, and pursuant to Federal Rules of Bankruptcy Procedure 1001, 7016 and 7026, and in order, *inter alia*, to limit the costs of these proceedings, provide due process to the former clients, and help expedite the determination of this litigation, the Court established a protocol to resolve the privilege dispute, which was then memorialized in an order establishing certain procedures (the "Protocols Order") [dkt item 31].

Under the Protocols Order, on or before August 24, 2022, K&F was to file with the Court: (i) a list identifying the name (including, but not limited to, all individuals, entities and corporate representatives) and last known address of each client that K&F represented in connection with the transactions referenced in the Complaint [dkt item 1] (individually, a "Former K&F Client," and collectively, the "Former K&F Clients"), along with any retention agreement with respect to any and all Former K&F Clients; and (ii) revised privilege logs (the "Revised Privilege Logs") identifying the Former K&F Clients involved in each of the Challenged Documents.[1]

---

[1] K&F had already complied with this deadline prior to the entry of the Protocol Order, by filing the list and privilege logs on August 24, 2022 [dkt item 30].

In addition, the Court directed that the Plan Trustee serve copies of the Revised Privilege Logs and the Protocols Order on the identified Former K&F Clients on or before August 25, 2022. The Plan Trustee timely complied, as evidenced by the Affidavit of Service [dkt item 32] by serving the Former K&F Clients both at their personal address for service, as well as through their attorney, if known.

Pursuant to the Protocols Order served upon the K&F Clients, any Former K&F Client that wished to assert a privilege with respect to the Challenged Documents had to file an objection to the relief sought in the Motion to Compel (an "Objection") and serve the Objection on counsel to the Plan Trustee on or before September 8, 2022.  An adjourned hearing was set on the Motion to Compel for October 19, 2022 at 10:00 a.m. (EST) (the "Adjourned Hearing").  Any Former K&F Client that filed an Objection had to appear at the Adjourned Hearing, and was notified by the Protocols Order that: "The failure to appear at the Adjourned Hearing may result in the Court overruling the Objection."[2] Each Former K&F Client was provided instructions on how to appear at the Adjourned Hearing via Zoom.

---

[2] The Court had also directed the Challenged Documents be provided to the Court for an *in camera* review in the event it found the privilege to still be intact. The documents have been provided, but the Court need not conduct the *in camera* review as the privilege has been waived by the K&F Clients. This Court will act the finder of fact on the Plan Trustee's underlying claims against K&F. While the Challenged Documents are no longer privileged, they may not be admissible at an ultimate trial. This Court has exercised its discretion to not review documents at this stage that, while discoverable, may or may not be admissible at trial. *See* Federal Rule of Civil Procedure 26(b), Discovery Scope and Limits:

> (1) Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

No Former K&F Client filed a timely or untimely objection to K&F turning over the Challenged Documents. No Former K&F Client appeared at the Adjourned Hearing to oppose the turnover of the Challenged Documents.

## II. Law

The attorney-client privilege has long been recognized to hold a special place in the American system of justice. Not only is this privilege well entrenched in case law, it is embodied in Rule 501 of the Federal Rules of Evidence. However, the privilege is not established by bald assertion; the party asserting attorney-client privilege carries the burden of proving every element of the privilege. *In re Vantage Petroleum Corp.*, 40 B.R. 34, 38 (Bankr. E.D.N.Y. 1984); *see Egiazaryan v. Zalmayev*, 290 F.R.D. 421, 428 (S.D.N.Y. 2013) (citing *People v. Mitchell*, 58 N.Y.2d 368, 373, 461 N.Y.S.2d 267, 448 N.E.2d 121 (1983)).

The four essential elements of the privilege are:

(1) the asserted holder of the privilege is or sought to become a client;

(2) the person to whom the communication is made (a) is a member of the bar of a court or his subordinate, and (b) in connection with his communication is acting as a lawyer;

(3) the communication related to a fact of which the attorney was informed: (a) by his client; (b) without the presence of strangers; (c) for the purpose of securing permanently, either (i) an opinion of law,(ii) legal services, or (iii) assistance in some legal proceeding, (d) and not for the purpose of committing a crime or tort; and

(4) privilege has been (a) claimed, and (b) not waived by the client.

*In re Vantage Petroleum Corp.*, 40 B.R. at 39 (citing *United States v. United Shoe Machinery Corp.*, 89 F.Supp. 357, 358-59 (D. Mass. 1950)). "Any ambiguities as to whether the essential elements have been met are construed against the party asserting the privilege." *Koumoulis v.*

4

*Independent Fin. Mktg. Grp., Inc*., 295 F.R.D. 28, 38 (E.D.N.Y. 2013) (emphasis added), *aff'd*, 29 F. Supp. 3d 142 (E.D.N.Y. 2014) (citing *United States v. Mejia*, 655 F.3d 126, 132 (2d Cir. 2011)).

As the fourth element implies and as case law has established, there are circumstances in which privilege may be waived by the client beyond a mere voluntary waiver. For example, a chapter 11 trustee succeeds to the privilege of the corporation over which she presides and may waive the privilege. *See, e.g., Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 358 (1985). Moreover, waiver need not be made by an affirmative statement of waiver, but may be made by implication. *Watchous Enterp., L.L.C. v. Pacific Nat'l Cap*., 2017 WL 4786185, at *4 (D. Kan. Oct. 24, 2017). Such "[a]n implied waiver may be founded on delay or inaction in asserting a known right." *Id.*

### III. Discussion

Because K&F asserts the privilege, it bears the burden of establishing the elements of the privilege. The Court does not need to determine if K&F established the first three elements of the privilege because it failed to establish the fourth—the element that requires that the privilege be both claimed and not waived.

The parties holding the privilege here—the Former K&F Clients—never asserted the privilege in their own capacity; rather, the privilege was purported to have been asserted on their behalves by K&F, which claimed that it has an ethical obligation to do so. K&F's assertion of privilege appears to have been based merely on K&F's assumption that its former clients would want the privilege asserted, rather than K&F having undertaken efforts to ascertain whether this is actually what their former clients wanted. But, nevertheless, even if privilege was properly asserted-by-proxy by K&F, the Former K&F Clients later waived the privilege by declining to respond to the Protocols Order.

5

The Former K&F Clients were given notice and an opportunity to be heard on the discovery request for the Challenged Documents. In response to that notice and opportunity, none of the Former K&F Clients asserted the privilege or raised any objections to the production of the Challenged Documents; none appeared at the Adjourned Hearing.

*Watchous* is instructive here. In *Watchous,* the plaintiff subpoenaed two entities' former counsel who refused to produce documents asserting that they were protected by the attorney-client privilege. The *Watchous* court, "recognizing that the attorney-client privilege belongs to the client, not the attorney," set forth a process by which the entities had "a direct opportunity to establish the applicability of the privilege, including the absence of waiver." *Watchous Enterp., L.L.C. v. Pacific Nat'l Cap.*, 2017 WL 4786185, at *1. One of the entities did not raise any objections. *Id*. at 2. The *Watchous* court held that it "easily concludes Waterfall implicitly waived the privilege in failing to assert it in the face of the instant dispute." *Id.* at *4.

Similarly here, the Former K&F Clients waived the privilege by their inaction in the face of being given the explicit opportunity to assert the privilege. K&F's earlier assertion-by-proxy of the privilege on behalf of their former clients—who K&F do not represent in this matter or any other known matter—was superseded by the Former K&F Clients' decision not to assert the privilege on their own behalves, when given the opportunity to do so.

For these reasons, the Court concludes that the Former K&F Clients have waived attorney-client privilege in response to the Plan Trustee's discovery request for the Challenged Documents. K&F may not continue to stand on attorney-client privilege as a basis for declining to comply with the Plan Trustee's discovery request for the Challenged Documents.

### IV. Conclusion

Accordingly, the Court **ORDERS** that:

the Motion to Compel is granted; and

K&F shall produce the Challenged Documents to the Plan Trustee by December 22, 2022.

Dated: December 6, 2022
Central Islip, New York



Alan S. Trust
Chief United States Bankruptcy Judge